UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY TILLMAN, | ) | 1:09-CV-02116 OWW GSA HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATION |
| v. | ) ) | |
| JAMES D. HARTLEY, | ) ) | |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 23, 2009, Petitioner filed the instant petition for writ of habeas corpus. Following a preliminary review of the petition, on December 16, 2009, the Court issued an order dismissing the petition with leave to file an amended petition. In his original petition, Petitioner failed to demonstrate exhaustion and failed to state a discernable claim for relief. On January 4, 2010, Petitioner filed a first amended petition. Again, the Court found Petitioner failed to specify a cognizable claim for relief or demonstrate exhaustion of state remedies. Therefore, on January 13, 2010, the undersigned dismissed the petition and granted Petitioner leave to file a second amended petition. On January 21, 2010, Petitioner filed a second amended petition.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

    Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.   Failure to State a Discernable Claim

    As the Court has repeatedly informed Petitioner, he must state his claim with sufficient specificity. See Hendricks v. Vasquez 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases (emphasis added) states:

> The petition must:
> (1) *specify all the grounds for relief available to the petitioner;*
> (2) *state the facts supporting each ground;*
> (3) *state the relief requested;*
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

    The instant amended petition presents the same two claims as before. Petitioner has reworded the claims to some extent but they fail to state a cognizable claim for relief for the same reasons previously stated. In his first claim, he argues his continued confinement is illegal. He states all time matrixes and requirements have been reached for his release and asks that a full inquiry into his confinement be issued. The Court finds the claim is meritless on its face since Petitioner admits he was given a sentence of life imprisonment. As to the claimed violation of the Eighth Amendment to the Constitution, Petitioner sheds no light on why his continued incarceration violates his Eighth Amendment rights. In claim two, Petitioner contends he was appointed a regular attorney instead of an "A.D.A. attorney."  As previously stated, Petitioner fails to state how this violated his

constitutional rights and why an "A.D.A. attorney" was necessary in the case. He also fails to state how the attorney who was assigned to his case failed to render effective assistance. For all these reasons, the petition fails to state a claim and must be dismissed.

C.  Exhaustion of State Remedies

As previously stated, a petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  This means that Petitioner must have presented his claims to the California Supreme Court prior to filing a federal habeas petition. In this case, Petitioner fails to state whether and when he did so. Therefore, the petition appears to be unexhausted. Such a petition must be dismissed to provide Petitioner an opportunity to exhaust the claims. 28 U.S.C. § 2254(b)(1); Rose, 455 U.S. at 521-22.

D.  Conclusion

The instant petition must be dismissed for the above-stated reasons. Petitioner has been given several opportunities to file a petition in compliance with the Court's orders, but he has failed to do so. He has also been forewarned that failure to comply would result in dismissal of the petition.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the second amended petition for writ of habeas corpus be DISMISSED and the Clerk of Court be DIRECTED to enter judgment and close the case.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

1 | 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

2 | Within fourteen (14) days after being served with a copy, Petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 23, 2010**                    /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE